# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA HUTT<br><br>       Plaintiff,<br><br>   v.<br><br>WALMART STORES, INC,<br>BEIERSDORF, INC.,<br>BAYER CORPORATION, and<br>MERCK & CO., INC.<br><br>       Defendants. | CASE NO.  21-2176 |

---

## DEFENDANT BEIERSDORF, INC.'S NOTICE OF REMOVAL

---

TO:    COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
        Office of the Prothonotary
        First Judicial District of Pennsylvania
        Room 284 City Hall
        Philadelphia, PA 19107


        Gary L. Bailey, Esq
        Bailey & Associates, LLC
        1500 Walnut Street, Suite 204
        Philadelphia, PA 19102
        *Attorney for Plaintiff*

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), Defendant Beiersdorf, Inc. ("Beiersdorf") files this Notice of Removal, removing the above-captioned case from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania. Defendants, Walmart Stores, Inc. ("Walmart") and Bayer Corporation ("Bayer") consent to the removal of this action. This Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446(b)(1). Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice of Removal, Beiersdorf states as follows:

## BACKGROUND

1.      On or about March 9, 2021, Plaintiff Jessica Hutt ("Plaintiff") filed a Complaint-Civil Action in the above-captioned matter in the Court of Common Pleas of Philadelphia County, Pennsylvania. The Complaint has been indexed at Case ID 201101415 (the "Complaint").

2.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, which constitutes the only process, pleading, or order received by Beiersdorf related to the state court action, is attached hereto and incorporated herein as **Exhibit A**.

3.      Defendant Walmart Stores, Inc. was served with the Complaint and filed an answer on March 30, 2021. *See* State Court Docket, attached as **Exhibit B**.

4.      The remaining defendants, Beiersdorf, Merck and Bayer, have not yet been served with a summons or the Complaint in this action. *See id.*

5.      Defendant Beiersdorf first received notice of the filing of the Complaint by email on April 12, 2021.

6.      Accordingly, this Notice is being filed prior to defendants Beiersdorf, Merck, or Bayer actually receiving proper service of either a summons or the complaint, and removal of this action is timely on that basis alone.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

7.      Additionally, this Notice is being filed within thirty (30) days of defendant Beiersdorf's first "receipt" of a copy of the initial pleading setting forth the claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b)(1).

8.      The fact that defendant Walmart was previously served with the Complaint and did not remove within 30 days is irrelevant to this removal petition and the rights of Beiersdorf to remove this action because the Third Circuit has adopted the "later-served defendant rule" which holds that each defendant has a thirty day period to file a notice of removal that ends thirty days after that defendant is served.  *See Delalla v. Hanover Ins.,* 660 F.3d 180, 182 (3d Cir. 2011).

9.      Defendant Walmart, the only defendant that has been served with the Complaint, consents to the removal of this action.  *Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202, 1207 (11th Cir. 2008) ("The unanimity rule … only requires that the later-served defendant receive the consent of all **<u>then-served</u>** defendants at the time he files his notice of removal.")(emphasis added).

10.     Defendant Bayer has not been served with the complaint but consents to removal of this action.

- 3 -

11.     Defendant Merck has not been served with the complaint, and upon information and belief, has not otherwise received a copy of the complaint.

## **Conventional Removal Allegations**

12.     Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  See 28 U.S.C. § 1441(a).

13.     Further, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of different states."  *See* 28 U.S.C. § 1332(a).

14.     As set forth below, because this case involves a claim exceeding the sum of $75,000.00, exclusive of interests and costs, and because the case arises between citizens of different states, it lies within the original subject matter jurisdiction of this Court, pursuant to 28 U.S.C. § 1332(a).

15.     In removing this matter to this Court, the defendants do not intend to waive any defenses they have to the action, including, but not limited to, improper service, personal jurisdiction, and/or improper venue.

## **Complete Diversity of Citizenship Exists as to All Defendants**

16.     There is complete diversity between Plaintiff and each defendant.

17.     As alleged in the Complaint, and upon information and belief, Plaintiff Jessica Hutt is a citizen of Pennsylvania, because she is a resident of Pennsylvania and domiciled in Pennsylvania.  *See* Complaint, ¶ 1.

18.     Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of

business… ." For purposes of diversity jurisdiction, the citizenship of an LLC is that of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418-19 (3d Cir. 2010).

19.     As alleged in the Complaint, Defendant Walmart is a "foreign corporation" with a principal place of business in Arkansas.  *See* Complaint, ¶ 2.  Walmart is, and was at the time Plaintiff commenced this action, a Delaware corporation with a principal place of business in Arkansas.  Accordingly, Walmart is deemed to be a citizen of Delaware and Arkansas for purposes of federal diversity jurisdiction.

20.     As alleged in the Complaint, Defendant Beiersdorf is a "foreign corporation" with a principal place of business in Connecticut.  *See* Complaint, ¶ 3. Beiersdorf is, and was at the time Plaintiff commenced this action, a Delaware corporation with its principal place of business in Connecticut.  Accordingly, Bayer is deemed to be a citizen of Delaware and Connecticut for purposes of federal diversity jurisdiction.

21.     As alleged in the Complaint, Defendant Bayer is a "foreign corporation" with a principal place of business in New Jersey.  *See* Complaint, ¶ 4.  Bayer is, and was at the time Plaintiff commenced this action, an Indiana corporation with its principal place of business in New Jersey.  Accordingly, Bayer is deemed to be a citizen of Indiana and New Jersey for purposes of federal diversity jurisdiction.

22.     As alleged in the Complaint, Defendant Merck is a "foreign corporation" with a principal place of business in New Jersey.  *See* Complaint, ¶ 5.  Merck is, and was at the time Plaintiff commenced this action, a Delaware corporation with its principal place of business in New Jersey.  Accordingly, Merck is deemed to be a citizen of Delaware and New Jersey for purposes of federal diversity jurisdiction.

23.    Plaintiff is a citizen of Pennsylvania.  As alleged in the Complaint, none of the defendants are citizens of Pennsylvania.  The defendants are citizens of Arkansas, Delaware, Connecticut, Indiana, and New Jersey.  Accordingly, the Defendants are diverse from Plaintiff and complete diversity of citizenship exists.  *See* 28 U.S.C. § 1332(a).

## Amount in Controversy

24.    Plaintiff's Complaint contains 5 Counts.  Count I is a claim for Strict Liability negligence brought by Plaintiff against all defendants.  *See* Complaint, ¶¶ 19-30.  Count II is a claim for negligence brought by Plaintiff against all defendants.  *See* Complaint, ¶¶ 31-37. Count III is a claim for Breach of Implied Warranty of Merchantability, brought by Plaintiff against all of the named defendants.  *See* Complaint, ¶¶ 38-48.  Count IV is a claim for Breach of Express Warranty, brought by Plaintiff against defendants Beiersdorf, Bayer, and Merck.  *See* Complaint, ¶¶ 49-62.  Count V is a claim for alleged violation of the PAUTPCPL, brought by Plaintiff against all defendants.  *See* Complaint, ¶¶ 63-77.

25.    The WHEREFORE clause following each Count demands money damages of "sums in excess of Fifty Thousand Dollars ($50,000.00) in damages…." *See id*.  Accordingly, the Plaintiff's own valuation of the amount in controversy in this matter is at least $250,000 in the aggregate, with at least $200,000 in the aggregate based on claims pled against all defendants.  *See id.,* Counts I, II, III, V.

26.    Additionally it is apparent from the face of the Complaint that the amount in controversy substantially exceeds $75,000 exclusive of costs and interest.

27.    The Complaint alleges that Plaintiff suffered "great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss

and/of lost earning capacity and other economic and non-economic harms and damages…" *See* Complaint, ¶33.

28.    The Complaint alleges that "Plaintiff has incurred medical expenses that were reasonable, necessary and causally related" to her injuries and treatment required.  *See id.* at ¶ 35.

29.    The Complaint further alleges that "Plaintiff has and may in the future be obliged to receive and undergo medical attention" and "incur various expenditures for the injuries she has suffered." *See id.* at ¶ 34.

30.    Where a case has been removed from state court, the amount in controversy analysis begins with a review of the complaint filed originally in the state court. *See Samuel-Bassett v. KIA Motors America, Inc*., 357 F.3d 392, 398 (3d Cir. 2004).  The court must measure the amount not by the low end of an open-ended claim, but by a reasonable reading of the value of rights being litigated.  *See Sloan v. Liberty Ins. Corp*., 2015 U.S. Dist. LEXIS 56666, *2-3 (E.D. Pa. Apr. 29, 2015) (citing *Angus v. Shiley, Inc*., 989 F.2d 142, 145 (3d Cir. 1993); *Werwinski v. Ford Motor Co*., 286 F.3d 661 (3d Cir. 2002)).

31.    In the context of a personal injury suit, allegations of severe personal injury along with pain and suffering will establish the requisite amount in controversy for removal.  *See Carrol v. United Air Lines, Inc.* 7 F.Supp.2d 416, 521-22 (D.N.J. 1998).  Given the serious nature of the alleged injuries and broad scope of damages requested, the Complaint in this case plainly satisfies the jurisdictional amount requirement.  *See Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007) ("where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum . . .  the case must be remanded [only] if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount") (citing *Samuel-Bassett v. KIA Motors America, Inc.,* 357 F.3d 392 (3d Cir.2004).

**Removal Procedure**

32.     For the foregoing reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  This case may be removed to this Court pursuant to 28 U.S.C. § 1446(b)(1).

33.     The Court of Common Pleas of Philadelphia County, Pennsylvania, is located within the Eastern District of Pennsylvania, *see* 28 U.S.C. § 118(a), and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Eastern District of Pennsylvania is the "district and division embracing the place where such action is pending."

34.     Pursuant to 28 U.S.C. § 1446(a), Beiersdorf has not been served with any copies of process, pleadings, or orders, but a copy of the complaint received by Beiersdorf via email on April 12 is attached as **Exhibit A**.

35.     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

36.     Beiersdorf will promptly file a copy of this Notice with the Prothonotary of the Court of Common Pleas of Philadelphia County, as required by 28 U.S.C. § 1446(d).

37.     Pursuant to 28 U.S. Code § 1446(b)(2)(C), defendant Walmart consents to this removal even though it did not previously initiate removal.

38.     Defendant Bayer, which has not been served with a summons or complaint, also consents to the removal of this action.

39.     Upon information and belief, defendant Merck has not been served with a summons, complaint, or other process, and has not otherwise received a copy of the complaint.

**WHEREFORE**, by this Notice of Removal, Defendant Beiersdorf, Inc., hereby removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, and requests that this action proceed as properly removed to this Court.

REED SMITH LLP

Date: May 12, 2021

/s/ Arnd N. von Waldow
Arnd N. von Waldow
Pa. I.D. #56628
Thomas J. Galligan
Pa. I.D. #319487
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222

*Counsel for Defendants Beiersdorf, Inc.,*
*Walmart Stores, Inc., and Bayer*
*Corporation.*

## **CERTIFICATE OF SERVICE**

I, Arnd N. von Waldow, hereby certify that the foregoing Notification of Notice of Removal was electronically filed this 12th day of May, 2021 and is available for viewing and downloading from the Court's electronic filing system.  A copy of the foregoing is being served today upon all counsel of record by e-mail.


*/s/ Arnd N. von Waldow*
Arnd N. von Waldow