# Exhibit A

**BAILEY & ASSOCIATES, LLC**
By:  Gary L. Bailey, Jr., Esquire
Attorney I.D. No. 312015
1500 Walnut Street, Suite 204
Philadelphia, PA 19102-1803
Phone: (267) 225-5442
Email:  gbailey@baileylawassociates.com
*Attorney for Plaintiff*



*Filed and Attested by the Office of Judicial Records 09 MAR 2021 05:51 am S. RICE*

| | | |
|---|---|---|
| JESSICA HUTT, | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| Plaintiff, | : | |
| | : | |
| vs. | : | NOVEMBER TERM, 2020 |
| | : | NO. 01415 |
| WALMART STORES, INC, | : | |
| BEIERSDORF, INC., | : | |
| BAYER CORPORATION, and | : | |
| MERCK & CO., INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

<table>
<tr><th colspan="2">NOTICE TO DEFEND</th></tr>
<tr><td>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone: (215) 238-1701**

</td><td>

AVISO PARA DEFENDER

Le han demandado a usted en la corte. Si usted guiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte pued decidir a favor del demandante y require qu usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derchos importantes para usted.

Illeve esta demanda a un abogado immediatament. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio, vaya en persona o llame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

**ASOCIACION DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono:  (215) 238-1701**

</td></tr>
</table>

**Case ID: 201101415**

**BAILEY & ASSOCIATES, LLC**
By:  Gary L. Bailey, Jr., Esquire
Attorney I.D. No. 312015
1500 Walnut Street, Suite 204
Philadelphia, PA 19102-1803
Phone: (267) 225-5442
Email:  gbailey@baileylawassociates.com
*Attorney for Plaintiff*

| | | |
|---|---|---|
| JESSICA HUTT<br>1805 Lesher Mill Road<br>Palm, PA 18070,<br><br>                              Plaintiff,<br><br>                 vs.<br><br>WALMART STORES, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br><br>                 and<br><br>BEIERSDORF, INC.<br>45 Danbury Road<br>Wilton, CT 06897<br>                 and<br><br>BAYER CORPORATION<br>100 Bayer Avenue<br>Whippany, NJ 07981<br><br>                 and<br><br>MERCK & CO., INC.<br>2000 Galloping Hill Road<br>Kenilworth, NJ 07033<br><br>                              Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY**<br><br><br><br><br>NOVEMBER TERM, 2020<br>NO. 01415 |

## COMPLAINT – CIVIL ACTION

1. Plaintiff, Jessica Hutt, is an adult individual residing at the address listed in the caption of this Complaint.

2. Defendant Walmart Stores, Inc. is a foreign corporation that can be served at the

Case ID: 201101415

address listed in the caption of this Complaint, and is a retailer, seller and/or distributor of consumer products including the Coppertone WaterBabies Sunscreen Lotion ("Coppertone") designed, manufactured and sold by Defendants, Beiersdorf, Inc., Bayer Corporation, and Merck & Co., Inc.

3. Upon information and belief, Defendant Beiersdorf, Inc. ("Beiersdorf") is a foreign corporation that can be served at the address listed in the caption of this Complaint, and designs, tests, manufactures, markets, assembles and sells Coppertone.

4. Upon information and belief, Defendant Bayer Corporation ("Bayer") is a foreign corporation that can be served at the address listed in the caption of this Complaint, and designs, tests, manufactures, markets, assembles and sells Coppertone.

5. Upon information and belief, Defendant Merck & co., Inc. ("Merck") is a foreign corporation that can be served at the address listed in the caption of this Complaint, and designs, tests, manufactures, markets, assembles and sells Coppertone

6. Venue is proper in this county because Defendants have retail stores in the venue and all of the Defendants regularly conduct business in Philadelphia.

7. Defendants distributed, sold, advertised and warranted the Coppertone.

8. The Coppertone and its active ingredients were designed, manufactured, marketed, warranted, advertised and packaged by Defendants.

9. Upon information and belief, the design, development, testing, marketing, packing, and drafting of warnings for the  were completed and/or overseen in by Defendants Beiersdorf, Inc.'s, Bayer Corporation's, and Merck & Co., Inc.'s agents, ostensible agents, servants and/or employees.

10. Plaintiff used the Coppertone purchased for its intended purpose of sunscreen

protection in a manner reasonably foreseeable by Defendants.

11. The Coppertone suffers from defects that posed an unreasonable risk of injury during normal use.

12. Defendants knew or should have known of the defect and of the serious safety risk it posed to consumer and the public but chose to conceal knowledge of the defect from consumers, including Plaintiff, who purchased the Coppertone.

13. Defendants knew or should have known that when it sold the Coppertone to the public that it suffered from a high active ingredient defect that can cause severe burn, and that the active ingredient defect might result in significant personal injury to consumers and the public, including Plaintiff.

14. In conjunction with Defendants' experience, its active ingredients were designed, manufactured, marketed, warranted, advertised and packaged by Defendants and/or selling the Coppertone, these facts illustrate that Defendants knew or should have known of the active ingredient defect.

15. Defendants have a duty to disclose the defect and to not conceal the defect from the public, including Plaintiff. Defendants' failure to disclose, or active concealment of, the defect placed Plaintiff at risk of personal injury.

16. Defendants falsely represented through written warranties, advertisement and/or other marking that the Coppertone is free from defects, is of merchantable quality, and will perform dependably.

17. As a result of these warranties, Plaintiff purchased and used the Coppertone in a foreseeable manner though it was unsafe to do so.

18. On or about July 7, 2019, Plaintiff used Coppertone to protect her skin, and having

read and understood the instructions and having relied on Defendants' representations that the product was safe, functional, and ready for use, Plaintiff rubbed the Coppertone on her skin thereby causing severe burns to her body.

## COUNT I – STRICT LAIBILITY
## PLAINTIFF v. DEFENDANTS

19. Plaintiff incorporates by reference the preceding averments as thought set forth at length herein.

20. Defendants are strictly liable for the injuries and damages suffered by Plaintiff pursuant to the Restatement of Torts second 402A as adopted by and interpreted under Pennsylvania Law.

21. Defendants are either individually or by and through their respective employees, agents, servants, subsidiaries and/or companies, corporations and/or businesses, at all times material, were engaged in the design, manufacturing, assembly, distribution, marketing, advertisement, wholesale and sale of Coppertone and its active ingredients, including the Coppertone that caused Plaintiff's injuries.

22. The Coppertone, which was designed, manufactured, distributed, marketed, advertised and sold by Defendants was defective and unreasonably dangerous to the end-consumer, Plaintiff Jessica Hutt.

23. Defendants are strictly liability to Plaintiff for injuries and damages suffered pursuant to the Restatement of Torts second 402A as adopted by and interpreted under Pennsylvania law.

24. The Coppertone was expected to and did reach the consuming public in general, and Plaintiff in particular, without substantial change in the condition in which they were sold by Defendants.

25. Thee Plaintiff used the Coppertone in accordance with warnings and instructions provided by Defendants.

26. The defective Coppertone caused Plaintiff great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

27. Due to the defective Coppertone, Plaintiff has and may in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid defective product and will otherwise incur various expenditures for the injuries she has suffered.

28. Due to the defective Coppertone, Plaintiff has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective Coppertone.

29. Due to the defective Coppertone, Plaintiff has been unable to attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

30. Due to the defective Coppertone, Plaintiff has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

**WHEREFORE**, Plaintiff, Jessica Hutt, demands damages against Defendants, Walmart Stores, Inc., Beiersdorf, Inc.'s, Bayer Corporation's, and Merck & Co., Inc. in excess of Fifty Thousand ($50,000) dollars, plus costs.

### COUNT II – NEGLIGENCE
### PLAINTIFF v. DEFENDANTS

31. Plaintiff incorporates by reference the preceding averments as though set forth at

length herein.

32. The negligence of Defendants and their agents, servants and/or employees consisted of the following:

  a. Negligent design of the Coppertone and its active ingredients;

  b. Negligent manufacture of the Coppertone and its active ingredients;

  c. Negligent failure to adequately design, manufacture, test, assemble and/or inspect the Coppertone and its active ingredients;

  d. Negligent failure to recall the Coppertone when manufacturing defects were or should have been discovered by the Defendants; and,

  e. Negligent failure to warn the Plaintiff that the Coppertone was defective and not suitable for skin use.

33. The negligence of Defendants caused Plaintiff great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

34. As a further result of Defendants' negligence, Plaintiff has and may in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid negligence and will otherwise incur various expenditures for the injuries she has suffered.

35. As a further result of Defendants' negligence, Plaintiff has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective Coppertone.

36. As a further result of Defendants' negligence, Plaintiff has been unable to attend to

her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to his financial detriment and loss.

37. As a further result of Defendants' negligence, Plaintiff has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

**WHEREFORE**, Plaintiff, Jessica Hutt, demands damages against Defendants, Walmart Stores, Inc., Beiersdorf, Inc.'s, Bayer Corporation's, and Merck & Co., Inc. in excess of Fifty Thousand ($50,000) dollars, plus costs.

### COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### PLAINTIFF v. DEFENDANTS

38. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

39. Defendants were the designers, manufacturers, assemblers, distributors, suppliers, wholesalers and/or sellers of the subject Coppertone and its active ingredients and were regular manufacturers, suppliers, assemblers, distributors and/or sellers of such Coppertone.

40. Defendants were merchants with respect to the sale of the subject Coppertone and its active ingredients and dealt in goods of the kind involved in the transaction for the sale of the Coppertone.

41. Defendants held themselves out to the public in general, and Plaintiff in particular, as having knowledge and skill related to the sale of the subject Coppertone and its active ingredients.

42. An implied warranty of merchantability was established in the sale of the subject Coppertone, which was breached in that the Coppertone and its active ingredients were not fit for the ordinary purpose for which such goods are used.

43. Defendants are liable to Plaintiff for injuries and damages described herein for

breach of implied warranty of merchantability pursuant to 13 Pa.C.S.A. 2314 and Pennsylvania Law.

44. The breach of warranty of Defendants caused Plaintiff great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

45. As a further result of Defendants' breach of warranty, Plaintiff has and may in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid negligence and will otherwise incur various expenditures for the injuries he has suffered.

46. As a further result of Defendants' breach of warranty, Plaintiff has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective Coppertone.

47. As a further result of Defendants' breach of warranty, Plaintiff has been unable to attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

48. As a further result of Defendants' breach of warranty, Plaintiff has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

**WHEREFORE**, Plaintiff, Jessica Hutt, demands damages against Defendants, Walmart Stores, Inc., Beiersdorf, Inc.'s, Bayer Corporation's, and Merck & Co., Inc. in excess of Fifty Thousand ($50,000) dollars, plus costs.

### COUNT IV – BREACH OF EXPRESS WARRANTY
### PLAINTIFF  v. BEIERSDORF, BAYER, AND MERCK

49. Plaintiff, Jessica Hutt, incorporates by reference the preceding averments as though

Case ID: 201101415

set forth at length herein.

50. Beiersdorf, Bayer, and Merck had knowledge of the defect and that knew it posed a serious risk to consumers such as Plaintiff.

51. Despite its knowledge, Beiersdorf, Bayer, and Merck expressly warranted in writing to correct all defects in the materials and active ingredients for the Coppertone. Beiersdorf, Bayer, and Merck have not repaired or corrected, and has been unable to repair or correct, Coppertone's materials and/or defect.

52. These warranties, affirmations, and promises were part of the basis of the bargain between Defendants Beiersdorf, Bayer, and Merck and Plaintiff, who relied on the existence of the express warranties. Defendants Beiersdorf, Bayer, and Merck express warranty became a basis for the bargain between Defendants Beiersdorf, Bayer, and Merck and Plaintiff.

53. By selling the Coppertone containing the active ingredient defect to consumers, including Plaintiff, Defendants Beiersdorf, Bayer, and Merck breached its express warranty to provide Coppertone that were free from defects.

54. Beiersdorf, Bayer, and Merck breached its express warranty to repair or correct material defects in the Coppertone when it failed to do so despite knowing of the defect and of alternative active ingredients, materials and/or options for manufacturing the Coppertone.

55. At the time Beiersdorf, Bayer, and Merck warranted and sold the Coppertone, it knew that the product did not conform to the express warranty and was inherently defective, and Beiersdorf, Bayer, and Merck wrongfully and fraudulently misrepresented and/or concealed material facts regarding the Coppertone.

56. As described herein, Beiersdorf, Bayer, and Merck was provided with notice and has been on notice of the Defect and of its breach of its express written warranty through

Case ID: 201101415

consumer warranty claims, customer complaints, and its own internal and external testing, but it failed to replace the Coppertone to ensure that it was free from any defects as Beiersdorf, Bayer, and Merck promised.

57. Defendants are liable to Plaintiff for injuries and damages described herein for breach of implied warranty of merchantability pursuant to 13 Pa.C.S.A. 2313 and Pennsylvania Law.

58. The breach of warranty of Defendants caused Plaintiff great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

59. As a further result of Defendants' breach of warranty, Plaintiff has and may in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid negligence and will otherwise incur various expenditures for the injuries he has suffered.

60. As a further result of Defendants' breach of warranty, Plaintiff has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective Coppertone.

61. As a further result of Defendants' breach of warranty, Plaintiff has been unable to a attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

62. As a further result of Defendants' breach of warranty, Plaintiff has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

**WHEREFORE**, Plaintiff, Jessica Hutt, demands damages against Defendants, Walmart

Case ID: 201101415

Stores, Inc., Beiersdorf, Inc.'s, Bayer Corporation's, and Merck & Co., Inc. in excess of Fifty Thousand ($50,000) dollars, plus costs.

### COUNT V – VIOLATION OF THE PENNSYLVANIA
### UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### PLAINTIFF v. DEFENDANTS

63. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

64. The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCL"), 73 Pa. Cons. Stat. 201-1, *et seq.*, protects consumers from fraud and unfair or deceptive business practices.

65. Under the UTPCPL, representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have is unlawful.

66. Plaintiff purchased the Coppertone for use in her home.

67. Defendants warranted and represented that the Coppertone was safe and free of defects in materials and active ingredients.

68. Defendants' warranty and representations that the Coppertone was safe and free from defects and was for the use of sunscreen protection, influenced Plaintiff to purchase the Coppertone.

69. Defendants' failure to warn of the defect was a material omission that influenced a Plaintiff in her decision to purchase the Coppertone.

70. Plaintiff were aware of Defendants' representations regarding the characteristics, qualities, and standards of the Coppertone due to the representations contained in the labels and other promotional materials relating to the Coppertone.

71. Plaintiff relied on the truth of Defendants' warranties and representations

concerning the Coppertone and suffered damages as result of this reliance.

72. Had Plaintiff been adequately warned concerning the likelihood that the Coppertone would cause burn, she would have taken steps to avoid damages by not purchasing this product.

73. As a direct and proximate result of Defendants' unfair and deceptive acts or practices alleged herein, Plaintiff has experienced great pain and suffering, bodily injuries, loss of life's pleasures, disfigurement, scarring, humiliation, embarrassment, wage loss and/or lost earning capacity and other economic and non-economic harms and damages cognizable under Pennsylvania Law.

74. As a further result of Defendants' unfair and deceptive acts or practices, Plaintiff has and may in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid negligence and will otherwise incur various expenditures for the injuries she has suffered.

75. As a further result of Defendants' unfair and deceptive acts or practices, Plaintiff has incurred medical expenses that were reasonable, necessary and causally related to the injuries and treatment required due to the defective Coppertone.

76. As a further result of Defendants' unfair and deceptive acts or practices, Plaintiff has been unable to a attend to her daily chores, duties, obligations, and occupations and may be unable to do so for an indefinite time in the future, all to her financial detriment and loss.

77. As a further result of Defendants' unfair and deceptive acts or practices, Plaintiff has in the past and/or will in the future suffer loss of earning and/or impairment of earning capacity.

**WHEREFORE**, Plaintiff, Jessica Hutt, demands damages against Defendants, Walmart Stores, Inc., Beiersdorf, Inc.'s, Bayer Corporation's, and Merck & Co., Inc. in excess of Fifty

Thousand ($50,000) dollars, plus costs.

                                          **BAILEY & ASSOCIATES, LLC**

                                          /s/ Gary L. Bailey, Jr.
                                          Gary L. Bailey, Jr., Esquire
                                          *Attorney for Plaintiff*

Case ID: 201101415

## **VERIFICATION**

Attorney, Gary L. Bailey, Jr., Esquire, states that he is the attorney for Plaintiff, Jessica Hutt, in this action and verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

/s/ *Gary L. Bailey, Jr.*
*Attorney for Plaintiff*

**BAILEY & ASSOCIATES, LLC**
By:  Gary L. Bailey, Jr., Esquire
Attorney I.D. No. 312015
1500 Walnut Street, Suite 204
Philadelphia, PA 19102-1803
Phone: (267) 225-5442
Email: gbailey@baileylawassociates.com
*Attorney for Plaintiff*

| | | |
|---|---|---|
| JESSICA HUTT, | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| Plaintiff, | : | |
| | : | |
| vs. | : | NOVEMBER TERM, 2020 |
| | : | NO. 01415 |
| WALMART STORES, INC, | : | |
| BEIERSDORF, INC., | : | |
| BAYER CORPORATION, and | : | |
| MERCK & CO., INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Gary L. Bailey, Jr., Esquire, certify that on the date listed below, I filed a true and correct copy of the Plaintiffs' Compliant via the Court's ECF system, thereby providing notice to all counsel of record.

Dated: March 9, 2021                                            **BAILEY & ASSOCIATES, LLC**

                                                                                  /s/ Gary L. Bailey, Jr.
                                                                                Gary L. Bailey, Jr., Esquire
                                                                                *Attorney for Plaintiff*

Case ID: 201101415